```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION
```

MELANIE SLAWIENSKI, on behalf
of herself and those similarly
situated,

        Plaintiff,          CIVIL ACTION NO.

v.                           1:10-CV-0460-JEC

NEPHRON PHARMACEUTICAL
CORPORATION,

        Defendant.

## ORDER & OPINION

This case is presently before the Court on defendant's Motion to Compel Arbitration and to Dismiss [12] and plaintiff's Motion to Strike [21]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's Motion to Compel Arbitration and Dismiss [12] should be **GRANTED in part** and **DENIED in part**, and plaintiff's Motion to Strike [21] should be **DENIED**.

## BACKGROUND

This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Compl. [1] at ¶ 2.) Plaintiff was formerly employed by defendant as a pharmaceutical sales representative. (*Id.* at ¶ 5.) Plaintiff alleges that, during her tenure with defendant, she regularly worked in excess of forty hours per week without

receiving overtime compensation. (*Id.* at ¶¶ 16-17.) She filed this suit to obtain overtime wages pursuant to the FLSA. (*Id.* at ¶ 22.) In her complaint, plaintiff seeks collective action certification to permit similarly situated employees to pursue FLSA claims against defendant. (*Id.* at ¶¶ 26-27.) Thus far, nine employees have signed consents to opt-in to the action. (Notices of Consent to Join the Collective Action [2]-[9], [16].)

In conjunction with their employment, plaintiff and the majority of the opt-in parties ("opt-ins") signed arbitration agreements with defendant. (Brady Decl. [12] at Exs. A-E.) The agreements require that "any dispute" arising out of the employment relationship, specifically including any claims under the FLSA, be resolved by binding arbitration pursuant to the Federal Arbitration Act ("FAA"). (*Id.* at 2, 4.) The agreements further provide that any such claims must be brought in a party's individual capacity, and "not as the representative of any class." (*Id.* at 3.)

Defendant has filed a motion to compel arbitration and to dismiss the FLSA claims of the named plaintiff and the opt-ins in accordance with the arbitration agreements. (Def.'s Mot. to Compel and Dismiss [12].) Plaintiff has filed a related motion to strike the class action waiver provision from the agreements. (Pl.'s Mot. to Strike [21].) Both motions are presently before the Court.

**DISCUSSION**

I.   **Defendant's Motion to Compel Arbitration and Dismiss**

Congress enacted the FAA in 1925, in order to "reverse the longstanding judicial hostility toward arbitration." *Caley v. Gulfstream Aerospace Corp.,* 428 F.3d 1359, 1367 (11th Cir. 2005). The Act was intended to give effect to contracting parties' expressed intent to arbitrate disputes, providing those parties with "an alternative method for dispute resolution that is speedier and less costly than litigation." *Id.* In furtherance of this purpose, the FAA "embodies a 'liberal federal policy favoring arbitration agreements.'" *Id.*

Section Four of the FAA provides a remedy to a party seeking to enforce an arbitration agreement. 9 U.S.C. § 4 (2000). *See Jenkins v. First Am. Cash Advance of Georgia, LLC,* 400 F.3d 868, 876 (11th Cir. 2005) (discussing § 4 of the FAA)(citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395 (1967)). Specifically, Section Four provides that:  "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition [the district court] . . . for an order" compelling arbitration. *Id.* If it is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," the district court must order the parties to proceed to arbitration in accordance with the terms of the agreement.  *Id.*

3

A.  **Plaintiff and Similarly Situated Opt-Ins**

Applying the above principles, there is no question that defendant is entitled to an order compelling arbitration as to the named plaintiff, as well as those opt-ins who entered into arbitration agreements. Plaintiff concedes that the arbitration agreements are valid and binding. (Pl.'s Resp. [20] at 4.) The only objection plaintiff makes to the agreements concerns the class action waiver provision. (*Id.*) Plaintiff argues that this provision violates the National Labor Relations Act ("NLRA") because it prohibits plaintiff and other employees from engaging in "concerted action to advocate about the terms and conditions of their employment." (*Id.* at 6.) Thus, although plaintiff consents to arbitration, she asks the Court to invalidate the class action waiver and permit a collective or class action arbitration. (*Id.* at 14.)

There is no legal authority to support plaintiff's position. The relevant provisions of the NLRA, as well as the case law cited by plaintiff, deal solely with an employee's right to participate in union organizing activities. *See* 29 U.S.C. § 157 ("Employees shall have the right to self-organization, to form, join, or assist labor organizations . . .") and *New Negro Alliance v. Sanitary Grocery Co.*, 303 U.S. 552, 554 (1938)(applying the Norris-La Guardia Act to a picketing case). That right is not implicated by the allegations in plaintiff's complaint. Indeed, it is apparent from the face of the

4

complaint that plaintiff and the other opt-ins are not "advocat[ing] regarding the terms and conditions of [their] employment." (See Pl.'s Resp. [20] at 6.) Rather, plaintiff's are pursuing FLSA claims in an attempt to collect allegedly unpaid overtime wages. (Compl. [1] at ¶ 2.)

Moreover, and contrary to plaintiff's suggestion, the Eleventh Circuit has approved of a nearly identical class action waiver in a similar case. *Caley,* 428 F.3d at 1378. The plaintiff in *Caley*, who was asserting an FLSA claim against her employer, argued that a binding arbitration provision in her employment contract was unconscionable because it precluded class actions. *Id.* The Circuit Court rejected that argument, quoting the Supreme Court for the principal that: "the fact that certain litigation devices may not be available in an arbitration is part and parcel of arbitration's ability to offer 'simplicity, informality, and expedition.'" *Id.* (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991)). Following *Caley*, district courts in this circuit have routinely upheld class action waivers in the employment context. *See La Torre v. BFS Retail & Commercial Operations, LLC,* 2008 WL 5156301 at *5 (S.D. Fla. 2008)("As in *Caley*, this Court finds that the class action waiver provision contained in the EDR Plan is not substantively unconscionable.").

Parties to an arbitration agreement are generally free to structure their agreement as they see fit. *Stolt-Nielsen S.A. v.*

5

*AnimalFeeds Int'l Corp.,* 130 S. Ct. 1758, 1774 (April 27, 2010). That includes specifying the parties with whom they choose to arbitrate any disputes. *Id.* In this case, plaintiff and the majority of the opt-ins entered into arbitration agreements that specifically preclude class or collective arbitration. (Bradly Decl. [12] at Exs. A-E.) There is no basis for judicially modifying or nullifying that portion of the parties' agreements. Accordingly, the Court **GRANTS** defendant's motion to compel arbitration as to the named plaintiff and the other opt-ins who signed arbitration agreements. The Court **ORDERS** these parties[1] to arbitrate their FLSA claims on an individual basis, as required by the arbitration agreements.

Defendant requests in its motion an order dismissing the FLSA claims that are subject to binding arbitration. (Def.'s Br. [12] at 12.) Due to the nature of the claims, the Court concludes that a stay is more appropriate. *See Lynn's Food Stores, Inc. v. United States Dep't of Labor,* 679 F.2d 1350, 1352-53 (11th Cir. 1982)(noting that an FLSA claim can only be settled under the supervision of the Secretary of Labor or with the approval of the court after scrutinizing the settlement for fairness) and *Downey v. Robert W. Baird & Co., Inc.,* 2007 WL 2729578 at *2 (M.D. Fla. 2007)(staying, rather than dismissing, an FLSA claim pending binding arbitration). Defendant does not object to the Court's stay, rather than dismissal,

---

[1] The parties shall, by **Tuesday, December 28, 2010,** list all opt-ins who entered into an agreement to submit to arbitration.

6

of these claims. (Def.'s Reply [24] at 15.) The Court thus **DENIES** defendant's motion to dismiss the FLSA claims of the named plaintiff and the opt-ins who entered into arbitration agreements, and **STAYS** such claims pending their arbitration.

### B. Other Opt-Ins

There are at least two opt-ins[2] who did not enter into an arbitration agreement with defendant. (Def.'s Br. [12] at 2.) The Court cannot compel these "other opt-ins" to arbitrate their FLSA claims. *See Kemiron Atl., Inc. v. Aguakem Int'l, Inc.*, 290 F.3d 1287, 1291 (11th Cir. 2002) (the FAA's policy in favor of arbitration "does not operate without regard to the wishes of the contracting parties") (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986)) and *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1221 (11th Cir. 2000)("'It is well-established that arbitration is a creature of contract' and neither party can be compelled to arbitrate when he has not agreed to do so.").

Defendant suggests that the claims of the other opt-ins should nevertheless be dismissed because the named plaintiff is no longer a suitable class representative. (Def.'s Br. [12] at 3.) As discussed above, the named plaintiff is precluded by her arbitration agreement from pursuing a collective action. However, under the circumstances, the Court concludes that the most appropriate course of action is to

---

[2] The parties, by **Tuesday, December 28, 2010,** should also indicate which opt-ins are not subject to an arbitration agreement.

7

give plaintiff's attorney an opportunity to name a suitable plaintiff to pursue the action, rather than dismissing the claims altogether. *See Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1339-42 (11th Cir. 2003)(remanding for the district court to allow a reasonable period of time for the substitution or intervention of a new class representative).

Defendant also raises questions about the Court's personal jurisdiction over defendant as to the claims of the other opt-ins, and suggests that Georgia is not the correct venue to litigate their claims. (Def.'s Br. [12] at 3, 10.) Defendant contends that it does not reside in Georgia, and that under Georgia's long-arm statute it is only subject to specific jurisdiction for claims arising from its acts in Georgia. (*Id.* at 11.) As the other opt-ins did not work in Georgia, defendant argues that their claims do not arise from defendant's acts in Georgia. (*Id.*) For similar reasons, defendant argues that this Court is not the proper venue under 28 U.S.C. § 1391(b) and (c). (*Id.*)

Defendant's personal jurisdiction and venue arguments appear to have some merit. However, the issues have not been sufficiently briefed by the parties to allow the Court to rule on the matter. Plaintiff alleges in the complaint that defendant has sufficient contacts with Georgia to be subject to general jurisdiction, in which case it would be unnecessary to invoke the specific jurisdiction conferred by Georgia's long-arm statute. (Compl. [1] at ¶ 12.)

8

Defendant does not address that allegation in its briefing. Likewise, plaintiff does not respond to defendant's arguments concerning the application of the long-arm statute or the venue requirements of § 1391.

For the above reasons, the Court **DENIES** defendant's motion to compel arbitration as to the opt-ins who did not enter into arbitration agreements, and **DENIES** without prejudice defendant's motion to dismiss these claims.[3] If plaintiff's attorney intends to pursue a collective action, she shall name a suitable plaintiff to pursue the FLSA claims of the opt-ins who are not subject to a binding arbitration agreement by **Friday, January 7, 2011**. Plaintiff's filing should include a discussion of the basis for the Court's personal jurisdiction over defendant as to these claims, and should also explain why venue in this Court is proper under 28 U.S.C. § 1391 (b) and (c). Defendant may refile a motion to dismiss on jurisdiction and venue grounds within **fourteen (14) days** after the filing of plaintiff's pleading.

## II. Plaintiff's Motion to Strike

In conjunction with her response to defendant's motion to compel arbitration, plaintiff filed a motion to strike the class action

---

[3] There is no reason to stay the claims of the other opt-ins pending arbitration. *See Benoay v. Prudential-Bache Sec., Inc.,* 805 F.2d 1437, 1441 (11th Cir. 1986)(when a court finds that some claims are arbitrable and others are non-arbitrable, the proper course is to allow the arbitration and litigation to proceed concurrently).

9

waiver from the parties' arbitration agreement. (Pl.'s Mot. to Strike [21].) As discussed above, there is no basis for striking the class action provision. Moreover, the Supreme Court has recently rejected plaintiff's suggestion that a class action arbitration can be imposed on a party without the party's consent. *See Stolt-Nielsen,* 130 S. Ct. at 1775 ("a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so")(emphasis in original). Accordingly, the Court **DENIES** plaintiff's motion to strike.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** defendant's Motion to Compel Arbitration and Dismiss [12], and **DENIES** plaintiff's Motion to Strike [21]. The parties shall, by **Tuesday, December 28, 2010,** list all opt-ins who entered into an agreement to submit to arbitration. As to these parties, defendant's Motion to Compel Arbitration [12] is **GRANTED**. The parties, by **Tuesday, December 28, 2010,** shall also indicate which opt-ins are <u>not</u> subject to an arbitration agreement.

If plaintiff's attorney intends to pursue a collective action, she shall submit, by **Friday, January 7, 2011,** a motion to substitute representative plaintiff and a memorandum that: (1) names a suitable plaintiff to pursue the FLSA claims of opt-ins who are not subject to binding arbitration; (2) states a basis for the Court to exercise

10

personal jurisdiction over defendant as to these claims; and (3) addresses defendant's arguments concerning venue under § 1391(b) and (c). Defendant may refile a motion to dismiss on personal jurisdiction and venue grounds, within **fourteen (14) days** after the filing of plaintiff's pleading.

SO ORDERED, this 9 day of December, 2010.

_____
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE